IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARTIN VASQUEZ, TDCJ #01924603, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-18-3978 |
| JOE MORGAN, et al., | § § | |
| Defendants. | § | |

### ORDER OF DISMISSAL

The plaintiff, Martin Vasquez (TDCJ #01924603), has filed a Prisoner's Civil Rights Complaint under 42 U.S.C. § 1983 ("Complaint") (Docket Entry No. 1), alleging that he suffers from a physical disability and that officials at the Holliday Unit have failed to provide him with adequate medical care for Hepatitis C, cirrhosis of the liver, and chronic pain as the result of a unspecified spinal injury. On January 24, 2019, the court issued an Order for More Definite Statement (Docket Entry No. 31), directing Vasquez to supplement his claims with additional information within thirty days.

After Vasquez failed to comply as directed by filing a response to the Order for More Definite Statement, the court entered an order on March 8, 2019, extending his time to comply for an additional thirty days (Docket Entry No. 36, p. 3). In doing so, the court advised Vasquez that "[n]o further extensions will be

granted" and warned that his failure to comply as directed "<u>will result in the dismissal of this action for want of prosecution under Rule 41(b) of the Federal Rules of Civil Procedure without further notice.</u>" (<u>Id.</u>) (emphasis in original).

To date, Vasquez has not filed a response to the Order for More Definite Statement as requested and his extended time to do so has expired. Although Vasquez has written a letter to the court requesting appointment of counsel (Docket Entry No. 37), he does not allege facts showing that exceptional circumstances exist or that counsel is required for reasons explained to him previously in this case (Docket Entry No. 36, pp. 1-3). Likewise, Vasquez does not allege facts showing that he is unable to respond to the simple questions posed in the court's Order for More Definite Statement.

Therefore, under the inherent powers necessarily vested in a district court to manage its own affairs, this court determines that dismissal for want of prosecution is appropriate. See FED. R. CIV. P. 41(b); <u>see also</u> <u>Larson v. Scott</u>, 157 F.3d 1030 (5th Cir. 1998) (noting that a district court may dismiss an action <u>sua sponte</u> for failure to prosecute or to comply with any court order). Vasquez is advised, however, that upon a proper showing, relief from this Order may be granted in accordance with Rule 60(b) of the Federal Rules of Civil Procedure. However, any motion for relief under Rule 60(b) <u>must</u> be accompanied by a completed response to the Order for More Definite Statement.

Accordingly, it is **ORDERED** that the prisoner civil rights

action filed by Martin Vasquez is **DISMISSED without prejudice** for want of prosecution.

The Clerk will provide a copy of this Order to the plaintiff.

**SIGNED** at Houston, Texas, on this 18th day of April, 2019.

```
                    _____
                            SIM LAKE
                    UNITED STATES DISTRICT JUDGE
```