IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARTIN VASQUEZ, TDCJ #01924603, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-18-3978 |
| JOE MORGAN, et al., | § § § | |
| Defendants. | § | |

## **MEMORANDUM OPINION AND ORDER**

State inmate Martin Vasquez (TDCJ #01924603) has filed a Prisoner's Civil Rights Complaint under 42 U.S.C. § 1983 ("Complaint") (Docket Entry No. 1), regarding the conditions of his confinement in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"). At the court's request Vasquez has also supplemented his Complaint with Plaintiff's More Definite Statement (Docket Entry No. 38). Because Vasquez is a prisoner who proceeds in forma pauperis, the court is required to scrutinize the claims and dismiss the Complaint, in whole or in part, if it determines that the Complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B). After considering all of the pleadings, the court concludes that this case must be dismissed for the reasons explained below.

## I. Background

Vasquez was taken into TDCJ custody most recently in May of 2018, following the revocation of his parole.[1] At the time he filed his Complaint, which is dated October 6, 2018, Vasquez was incarcerated at the Holliday Unit in Huntsville.[2] He sues the following defendants who are employed by TDCJ at the Holliday Unit facility: (1) Senior Practice Manager Joe Morgan; (2) Mr. Ashberger, who is a Physician's Assistant or P.A.; (3) Mrs. Crawford of "American Disability Services," which the court construes to mean Assistive Disability Services ("ADS"); (4) Mrs. Adair, ADS; (5) Mrs. Eckland, ADS; and (6) Warden Dickerson.[3]

Vasquez states that he has been confined to a wheelchair since September 2017, as the result of a degenerative spinal condition or infection.[4] He also suffers from neuropathy around his waist and sciatica in his legs.[5] In 1999, while Vasquez was previously incarcerated in TDCJ, he was diagnosed with Hepatitis C, which

---

[1]Plaintiff's More Definite Statement, Docket Entry No. 39, pp. 1, 5. For purposes of identification, all page numbers refer to the pagination imprinted by the court's electronic filing system, CM/ECF.

[2]Complaint, Docket Entry No. 1, pp. 3, 5.

[3]Id. at 3.

[4]Plaintiff's More Definite Statement, Docket Entry No. 39, p. 1.

[5]Id.

progressed to cirrhosis of the liver in 2011.[6]

Vasquez claims that conditions at the Holliday Unit violated his rights under the Americans with Disabilities Act (the "ADA") and the Rehabilitation Act ("RA") because there was only "one handicap toilet" and "one handicap shower" for 25 disabled inmates, which resulted in unsanitary conditions.[7] He claims further that he was denied medical care in the form of medication called "Epclusa" to cure his Hepatitis C in violation of the Eighth Amendment.[8] Vasquez seeks injunctive relief in the form of medical treatment, as well as nominal, compensatory, and punitive damages for the violation of his rights.[9]

## II. **Discussion**

### A. **Claims Under the ADA and RA**

In February 2019, Vasquez was transferred from the Holliday Unit to the Stiles Unit in Beaumont,[10] where he is reportedly receiving treatment for Hepatitis C.[11] To the extent that he seeks injunctive relief regarding the conditions of his confinement at

---

[6]Id. at 3.

[7]Id. at 1.

[8]Id. at 2.

[9]Complaint, Docket Entry No. 1, p. 4.

[10]Letter dated February 21, 2019, Docket Entry No. 33, p. 1 (advising the court of his transfer).

[11]Plaintiff's More Definite Statement, Docket Entry No. 39, p. 4.

the Holliday Unit, where all of the defendants are located, his claims for injunctive relief are moot because he is no longer assigned to that facility. See Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002); see also Cooper v. Sheriff, Lubbock County, Tex., 929 F.2d 1078, 1084 (5th Cir. 1991) (holding that an inmate's transfer from county jail to state prison rendered moot his claims for injunctive relief).

Alternatively, Vasquez's claims under the ADA and the RA must be dismissed because neither statute authorizes individual liability.[12] See Cooper v. Hung, 485 F. App'x 680, 683 (5th Cir. 2012) (per curiam) (citations omitted); see also Decker v. Dunbar, 633 F. Supp. 2d 317, 356-57 (E.D. Tex. 2008) (observing that there is no individual liability in lawsuits under the RA or the ADA, and that a plaintiff may not attempt to assert such claims by "casting his lawsuit under Section 1983") (citations omitted). His remaining claims must be dismissed for the reasons set forth below.

**B.   Eighth Amendment Claims**

Vasquez alleges that he was denied medical care for Hepatitis C at the Holliday Unit by P.A. Ashberger after Ashberger determined

---

[12]Vasquez cannot otherwise recover compensatory damages for his exposure to unsanitary conditions of confinement because he does not allege that he suffered any physical injury as a result. The PLRA, which governs this lawsuit, precludes an action for compensatory damages "for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." 42 U.S.C. § 1997e(e).

that Vasquez's liver enzymes were "dangerously high" and that treatment could kill him.[13] To state an actionable claim in this context a prisoner must demonstrate that the defendant violated the Eighth Amendment by acting with "deliberate indifference to a prisoner's serious illness or injury[.]" Estelle v. Gamble, 97 S. Ct. 285, 291 (1976). A prison official acts with deliberate indifference "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 114 S. Ct. 1970, 1984 (1994); Jones v. Texas Dep't of Criminal Justice, 880 F.3d 756 (5th Cir. 2018).

The Eighth Amendment deliberate indifference standard is an "extremely high" one to meet. Domino v. Texas Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001). "Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exigent circumstances." Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006). A showing of deliberate indifference under these circumstances requires the prisoner to demonstrate that prison

---

[13]Plaintiff's More Definite Statement, Docket Entry No. 39, p. 3. Vasquez adds that he was also denied treatment with "Interferon-Ribovarin" at the Stevenson Unit in 2014. See id. These claims, however, are well outside the two-year statute of limitations that governs civil rights claims under 42 U.S.C. § 1983. See Piotrowski v. City of Houston, 237 F.3d 567, 576 (5th Cir. 2001); Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a).

officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." Id. (citation and internal quotation marks omitted).

Vasquez takes issue with a treatment decision made by P.A. Ashberger based on an evaluation of his liver enzymes. The Supreme Court has noted that decisions about whether a certain form of treatment is indicated "is a classic example of a matter for medical judgment." Gamble, 97 S. Ct. at 293. To the extent that Vasquez disagrees with any particular medical determination or the level of care that he has received, a prisoner's disagreement with treatment decisions does not state an actionable claim under the Eighth Amendment. See Gobert, 463 F.3d at 346; see also, e.g., Hendrix v. Aschberger, 689 F. App'x 250, 250 (5th Cir. 2017) (per curiam) (holding that a Texas prisoner's disagreement with medical providers, who failed to provide him with medications that could cure his Hepatitis C, was insufficient to show a constitutional violation); Grumbles v. Livingston, 706 F. App'x 818, 820 (5th Cir. 2017) (per curiam) (observing that neither a prisoner's disagreement with a treatment approach nor his opinion that he should have received a certain treatment for Hepatitis C raises a viable claim of deliberate indifference or a violation of the Eighth Amendment). Accordingly, Vasquez does not allege facts showing that Ashberger denied him medical care with deliberate

indifference in violation of the Eighth Amendment.

Vasquez does not allege specific facts demonstrating that any of the other defendants listed in the Complaint had the requisite personal involvement in a constitutional violation.[14] Absent a showing of personal involvement in the alleged constitutional violation, Vasquez does not state a viable claim under § 1983. See Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a [42 U.S.C. § 1983] cause of action."). Because Vasquez has not articulated a viable claim, his Complaint will be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

### III. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The Prisoner Civil Rights Complaint under 42 U.S.C. § 1983 filed by Martin Vasquez (Docket Entry No. 1) is **DISMISSED with prejudice**

2. The dismissal will count as a "strike" for purposes of 28 U.S.C. § 1915(g).

**The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the plaintiff. The Clerk will also send a**

---

[14] See Complaint, Docket Entry No. 1, pp. 3-4; Plaintiff's More Definite Statement, Docket Entry No. 39, p. 4 (declining to answer Question No. 11 posed in the Order for More Definite Statement, Docket Entry No. 31, which asked Vasquez to list each defendant and provide specific facts about each individual's personal involvement).

copy of this Order to (1) the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159; and (2) the Three Strikes List at Three_Strikes@txs.uscourts.gov.

SIGNED at Houston, Texas, on this **6th** th day of **June**, 2019.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE